UNITED STATES of America ex rel. Joel LOWE, for himself and for all others similarly situated, Relator,

v.

Lawrence SNEESBY, Supervisor, State of Wisconsin, Department of Health and Social Services, Bureau of Probation and Parole, Milwaukee, District No. 9, Zone No. 3, et al., Respondents.

No. 71-C-253.

United States District Court, E. D. Wisconsin.

July 28, 1971.

---

James C. Wood and Bruce Hanson, Milwaukee, Wis., for relator.

Robert W. Warren, Atty. Gen. of Wis. by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Mr. Lowe has petitioned for a writ of habeas corpus, alleging that his probation was terminated after a hearing held on June 1, 1971, at which hearing his attorney was not allowed to participate. The respondent's return does not specifically deny the allegation of the petition in which it is averred that Mr. Lowe's attorney "was refused standing or presence at that hearing." The respondents have filed a return which states in paragraph 7:

> " * * * that the present policy of the Department is that if a probationer or parolee up for revocation hearing is represented by counsel, counsel may be present in the hearing room but may not participate in the proceedings."

This court has previously ruled that the presence of counsel is a constitutionally protected right. Marquardt v. Gagnon [70–C–67, E.D.Wis., (decided September 29, 1970)]; Scarpelli v. Gagnon, 317 F.Supp. 72 (E.D.Wis.1970). But see State ex rel. Johnson v. Cady, 50 Wis.2d 540, 554, 185 N.W.2d 306 (1971).

Although Mr. Lowe purports to act under Rule 23, Federal Rules of Criminal Procedure, for "all others similarly situated", I conclude that it is inappropriate to grant the writ in favor of an entire class.

Now, therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is granted, and that the defendant be released from custody, provided, however, that the issuance of such writ be stayed for a period of 20 days from the date hereof; if, during such 20-day period, the respondents afford a hearing at which petitioner's counsel is permitted to participate, the issuance of this writ shall be permanently stayed.

It is also ordered that in the event of an appeal by the respondents from this order during such 20-day period, the issuance of the writ shall be stayed pending the resolution of the appeal.